IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALBERTO GOMEZ-TALAVERA, Petitioner, vs. UNITES STATES OF AMERICA, Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 Civil Case No. 2:11-CV-1005 TS Criminal Case No. 2:10-CR-806 TS |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

On September 1, 2010, Petitioner was named, along with his co-Defendant, in a felony information. Petitioner was charged with manufacture of a controlled substance by cultivation, possession of a firearm in furtherance of a drug trafficking crime, and illegal alien in possession of a firearm. Petitioner pleaded guilty to manufacture of a controlled substance by cultivation and being an illegal alien in possession of a firearm. On March 7, 2011, Petitioner was sentenced to the mandatory minimum term of 120 months.

1

Petitioner timely filed the instant Motion on October 28, 2011. Petitioner's Motion is written on a standard form, but the section where Petitioner is supposed to state the grounds on which he challenges his conviction has been left blank. Since the filing of his Motion, the Court has received no further correspondence from Petitioner.

II. DISCUSSION

Proceedings under 28 U.S.C. § 2255 "are used to collaterally attach the validity of a conviction and sentence."[1] Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts requires a § 2255 motion to "specify all the grounds for relief available to the moving party;" "state the facts supporting each ground;" and "state the relief requested."[2]

In his Motion, Petitioner sets forth absolutely no grounds for relief, nor does he state any facts or state the relief requested. Simply put, Petitioner provides nothing to the Court, let alone anything that would allow him to collaterally attack his sentence. As a result, the Court must deny Petitioner's Motion.

---

[1] *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); *see also* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

[2] Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(b)(1)-(3).

## III.  CONCLUSION

Based upon the above, it is hereby

    ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:11-CV-1005 TS) is DENIED for the reasons set forth above.  It is further

    ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

    The Clerk of Court is directed to close Case No. 2:11-CV-1005 TS forthwith.

    SO ORDERED.

    DATED   November 17, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge